# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:** VOHRA HEALTH SERVICES, P.A.,
**(AVISO AL DEMANDADO):** doing business as VOHRA WOUND
PHYSICIANS, and doing business as VOHRA HEALTH
SERVICES and Does 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** BRIAN T. MICHALUK, D.O.
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte la podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br><br>SOLANO COUNTY SUPERIOR COURT<br>600 UNION AVENUE<br>FAIRFIELD, CA 94533 | CASE NUMBER:<br>(Número del Caso): **FCS039551** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
RANDAL M. BARNUM, 111287; CARRIE E. CROXALL, 190430;   (707) 745-3747  (707) 745-4580
LINDSAY R. BATCHA, 264192
LAW OFFICES OF RANDAL M. BARNUM
279 EAST H STREET, BENICIA, CA 94510

DATE:                                     Clerk, by _____ **J. SAPP** _____, Deputy
(Fecha) MAR 21 2012                       (Secretario)                                        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

**ASSIGNED TO JUDGE HARRY S. KINNICUTT FOR ALL PURPOSES**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1 │ RANDAL M. BARNUM, SBN: 111287
CARRIE E. CROXALL, SBN: 190430
2 │ LINDSAY R. BATCHA, SBN: 264192
LAW OFFICES OF RANDAL M. BARNUM
3 │ 279 East H Street
Benicia, CA 94510
4 │ Phone: (707) 745-3747
Fax No.: (707)745-4580
5 │ rbarnum@rmblaw.com
ccroxall@rmblaw.com
6 │ lbatcha@rmblaw.com

7 │ Attorneys for Plaintiff, Brian T. Michaluk, D.O.

**ENDORSED FILED**
Clerk of the Superior Court

MAR 2 1 2012

**J. SAPP**
By_____
DEPUTY CLERK

**ASSIGNED TO**
**JUDGE HARRY S. KINNICUTT**
**FOR ALL PURPOSES**

8

9 │ SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO

10 │ (UNLIMITED JURISDICTION)

11

12 │ BRIAN T. MICHALUK, D.O.                    NO.  **FCS039551**

13 │         Plaintiff,                        **COMPLAINT FOR BREACH OF WRITTEN CONTRACT, FRAUD**

14 │ vs.                                        **AND DECEIT, WAGES OWED, WAITING TIME PENALTIES,**

15 │ VOHRA HEALTH SERVICES,                     **VIOLATION OF CALIFORNIA WAGE AND HOUR LAWS,**
P.A., doing business as VOHRA
16 │ WOUND PHYSICIANS, and                      **UNLAWFUL BUSINESS PRACTICES, INTERFERENCE WITH**
doing business as VOHRA HEALTH
17 │ SERVICES and Does 1-50, inclusive          **CONTRACTUAL RELATIONS AND PROSPECTIVE ECONOMIC**

18 │         Defendants.                        **ADVANTAGE AND DECLARATORY RELIEF**
                                            ____/
19                                            **DEMAND FOR JURY TRIAL**

20

21 │     Plaintiff, Brian T. Michaluk, D.O. (hereinafter "Plaintiff") complaint and alleges as

22 │ follows:                                   **BY FAX**

23 │         **PARTIES AND JURISDICTION**

24 │     1:    Plaintiff is a competent adult and is a resident of the State of California, City

25 │ of Vacaville, County of Solano, California.

26 │     2.    Plaintiff is informed and believes and on that basis alleges that Defendant

27 │ Vohra Health Services, P.A. is a corporation organized and existing under the laws of the

28 │ State of Florida, with its principal place of business located in Miami Beach, Florida and at

1   all times referenced herein was doing business as Vohra Wound Physicians and was also

2   doing business as Vohra Health Services (hereinafter referred to as "Defendant"). Plaintiff

3   is informed and believes that at all times relevant herein, Defendant was doing business in

4   the County of Solano, California.

5        3.     The true names and capacities of Defendants named herein as Does 1 through

6   50 inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff

7   at this time.  Plaintiff therefore sues these Defendants by fictitious names pursuant to

8   California Code of Civil Procedure Section 474.  Plaintiff is informed and believes that the

9   Doe Defendants and each of them is responsible in some manner under each and every cause

10  of action alleged herein.  Plaintiff will amend this complaint to allege their true names and

11  capacities when they have been determined.

12       4.     Plaintiff is informed and believes, and based thereon alleges, that each of the

13  Defendants herein was, unless otherwise alleged, at all relevant times acting within the scope

14  of his, her, or its relationship as the agent, employee, or representative of each and every one

15  of the other named Defendants.

**FACTUAL ALLEGATIONS**

16

17       5.     Plaintiff entered into a written contract with Defendant entitled, "Independent

18  Contractor Agreement with Licensed Health Care Professional" on July 21, 2010 (hereinafter

19  also referred to as the "contact").  The contract was entered into in the City of Richmond,

20  California, County of Contra Costa where, at that time, Plaintiff was residing.  The contract

21  called for the Plaintiff to perform medical skin and  wound care services for patients  at

22  facility locations in the East San Francisco Bay Area, including the counties of Solano,

23  Contra Costa, Sacramento and Yolo, California.

24       6.     At all times during which Plaintiff provided medical services under the

25  contract, Defendant improperly mischaracterized Plaintiff and Plaintiff's employment with

26  Defendant as that of an "independent contractor."  However, Plaintiff was actually and

27  legally an employee of Defendant, as evidenced by various applicable factors including

28  Defendant's control over the means and methods of Plaintiff's work and that Plaintiff

1 || provided services integral to the nature of Defendant's business.

2 ||        7.       In order to induce Plaintiff to enter into the contact, Defendant misrepresented

3 || the annual revenue that Plaintiff would earn under the contact, including that Plaintiff could

4 || expect an annual revenue of $206,400 based on 48 working weeks. The contract also

5 || provided that Plaintiff would receive fees for services provided under the current fee

6 || schedule. The fee schedule when Plaintiff entered into the contact on July 21, 2010 was the

7 || fee schedule published as of February, 2010. The contract did not provide for any right or

8 || discretion on the part of the Defendant to reduce the amount of reimbursement of the fees

9 || to be paid Plaintiff for services provided under the contract. Defendant also induced Plaintiff

10 || to enter into the contract by misrepresenting to Plaintiff that services would be provided to

11 || Medicaid patients for which Plaintiff would be "reimbursed at 50%" of the fee schedule

12 || provided effective February, 2010.

13 ||        8.    ·    Although the contract was entered into in California and that Plaintiff provided

14 || services only within the State of California, the contract contains provisions that are legally

15 || unenforceable under California law including a covenant not to compete, which attempts to

16 || prevent Plaintiff from providing skin and wound care services for a twenty-four (24) month

17 || period after termination of the contact and within a ten (10) mile radius of any facility that

18 || had a service agreement with Defendant in the prior twenty-four (24) months where

19 || Defendant provided skin and wound care services and a non-solicitation covenant attempting

20 || to prevent Plaintiff from, among other things, contracting or soliciting any of Defendant's

21 || past or present clients and engaging, hiring, employing or soliciting the employment of any

22 || of Defendant's employees or independent contractors.

23 ||        9.       Contrary to Defendant's representations, Plaintiff did not earn fees anywhere

24 || near the amount represented by Defendant. Furthermore, in breach of the contract,

25 || Defendant unilaterally reduced the payment schedule for services on or about January, 2011

26 || thereby reducing the fees received by Plaintiff for various specified services. Furthermore,

27 || despite its representations to the contrary, Defendant unilaterally stopped reimbursing

28 || Plaintiff for services provided to Medicaid patients. Defendant also failed to account for the

1  services provided by Plaintiff and to the extent the Plaintiff was an employee did not provide

2  Plaintiff with a pay stub itemizing the calculation of Plaintiff's wages.

3       10.   As a result of Defendant's misrepresentations, breach of contract and other

4  violations of law, Plaintiff was forced to quit his employment and terminate the contract with

5  Defendant effective April 25, 2011. At that time, Plaintiff sent an e-mail to the attention of

6  Defendant on that date informing Defendant that Plaintiff would no longer be working for

7  Defendant as of April 25, 2011.

8  ## FIRST CAUSE OF ACTION
   ### (Breach of Written Contract)

9

10       11.   Plaintiff hereby realleges and incorporates herein by reference the allegations

11  in paragraphs 1 through 10, above, as though set forth in full herein.

12       12.   Plaintiff entered into the above-referenced "Independent Contractor Agreement

13  with Licensed Health Care Professional" ("contract") with Defendant on July 21, 2010. The

14  written contract provided that Plaintiff "shall receive a fee for service reimbursement

15  according to the current fee schedule." The fee schedule in effect at that time was the fee

16  schedule dated February, 2010. The contract did not provide for Defendant to be able to

17  change or reduce the fees to be paid. The contract also provided that any amendment to the

18  contract required "the mutual written agreement of the parties."

19       13.   Despite these provisions, Defendant unilaterally and in breach of the contract

20  reduced the amount of the fees to be provided to the Plaintiff and published a revised fee

21  payment schedule dated January, 2011.

22       14.   Furthermore, the fee payment schedule to which Defendant agreed to comply

23  which was in effect at the time Plaintiff entered into the contract with Defendant dated

24  February, 2010 stated that Plaintiff would receive reimbursement for services provided to

25  Medicaid patients reimbursed at the rate of 50% of the fee schedule for services provided.

26  Defendant breached the contract by unilaterally discontinuing payment for fees for services

27  provided to Medicaid patients.

28       15.   Plaintiff fully performed all of the conditions and obligations required of him

1   by the written contract.

2       16.    As a legal and proximate cause of Defendant's breach of the aforementioned

3   written contract, Plaintiff has suffered substantial economic damages owed to Plaintiff which

4   he would have received absent Defendant's breach, all to Plaintiff's damage in an amount

5   according to proof.

6       WHEREFORE, Plaintiff requests relief as hereinafter provided.

7
                     **SECOND CAUSE OF ACTION**
      **(Unpaid Fees, Unpaid Wages and Waiting Time Penalties**

8                        **for Violation of Labor Code)**

9       17.    Plaintiff hereby realleges and incorporates herein by reference the allegations

10   of paragraph 1 through 16, above, as though set forth in full herein.

11       18.    During all times of Plaintiff's employment with Defendant there was in effect

12   California Labor Code Section 202 which required Defendant to pay Plaintiff all wages owed

13   within 72 hours of Plaintiff's resignation. Labor Code Section 200 defines "wages" to

14   include "all amounts for labor performed by employees of every description, whether the

15   amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other

16   method of calculation."

17       19.    As identified above, Defendant failed to pay Plaintiff the fees agreed upon as

18   set forth in the contract. Inasmuch as Plaintiff was legally an employee of Defendant,

19   Defendant therefore failed to pay Plaintiff wages legally owed to Plaintiff and failed to pay

20   Plaintiff the wages owed from the date of 72 hours from Plaintiff's resignation effective

21   April 25, 2011, which remain due and owing.

22       20.    Based on Defendant's willful failure to pay Plaintiff the fees and wages owed

23   as of 72 hours from the date of Plaintiff's resignation from employment in violation of Labor

24   Code Section 202, Plaintiff is entitled to Labor Code Section 203 waiting time penalties in

25   the amount of an additional thirty (30) days pay.

26       21.    Plaintiff also requests an award of reasonable costs and attorney's fees incurred

27   in this action pursuant to Labor Code Section 218.5 to enforce Plaintiff's rights under the

28   Labor Code, and interest pursuant to Labor Code Section 218.6 in an amount according to

1  proof.

2  WHEREFORE, Plaintiff requests relief as hereinafter provided.

3  ### THIRD CAUSE OF ACTION
  (Violation of Labor Code Section 2802)

4

5  22.  Plaintiff hereby realleges and incorporates herein by reference the allegations
6  of paragraphs 1 through 21, above, as though set forth in full herein.

7  23.  As an employee of Defendant, Plaintiff was entitled to be paid, reimbursed, and
8  indemnified for all necessary expenditures or losses Plaintiff incurred in the course and scope
9  of Plaintiff's employment with Defendant and in direct consequence of the discharge of
10  Plaintiff's duties pursuant to the requirements of California Labor Code Section 2802.

11  24.  Based on its mischaracterization of Plaintiff as an independent contractor,
12  Defendant violated Labor Code Section 2802(a) and failed to reimburse, pay and indemnify
13  Plaintiff for his expenditures and losses incurred in the course of providing the services in
14  connection with Plaintiff's employment by Defendant.

15  25.  Defendant is thereby obligated to reimburse and indemnify Plaintiff for the
16  business expenditures and losses incurred by Plaintiff in an amount according to proof and
17  Defendant also obligated under Labor Code Section 2802(c) for the payment of Plaintiff's
18  costs and attorney's fees incurred in this action.

19  WHEREFORE, Plaintiff requests relief as hereinafter provided.

20  ### FOURTH CAUSE OF ACTION
  (Unlawful Business Practices Under California
21  Business & Professions Code Section 17200, et seq)

22  26.  Plaintiff hereby realleges and incorporates herein by reference the allegations
23  of paragraphs 1 through 25, above, as though set forth in full herein.

24  27.  By violating the above-referenced statutes, due to Defendant's
25  misrepresentations and deceitful conduct, failing to pay Plaintiff wages due, failing to
26  reimburse Plaintiff's business expenditures and mischaracterizing Plaintiff's employment as
27  an independent contractor to avoid Defendant's legal obligations to Plaintiff under the
28  applicable wage and hour laws and wage orders, Defendant's acts constituted unfair and

1  unlawful employment and business practices under the California Business & Professions

2  Code Section 17200, et seq.

3         28.    Defendant's violation of the California Wage & Hour Laws, Labor Code

4  misrepresentations and mischaracterization of Plaintiff as an independent contractor

5  constituted unfair business practices because they were done repeatedly over a significant

6  period of time and in a systematic manner to the detriment of Plaintiff.

7         29.    California Business & Professions Code Section 17200 provides for the

8  disgorgement of illegally obtained profits.

9         30.    Plaintiff has suffered damages and requests damages in restitution of all monies

10  and profits to be disgorged from Defendant in an amount according to proof at the time of

11  trial.

12         31.    This court may identify, locate and repay Plaintiff, as an equitable remedy, the

13  full amount of compensation wrongfully retained by Defendant in an amount according to

14  proof.

15         WHEREFORE, Plaintiff requests relief as hereinafter provided.

16                          **FIFTH CAUSE OF ACTION**
                      **(Negligent and Intentional Misrepresentation,**
17                                **Fraud and Deceit)**

18         32.    Plaintiff hereby realleges and incorporates herein by reference the allegations

19  of paragraphs 1 through 31, above, as though set forth in full herein.

20         33.    Defendant intentionally or negligently made the above-referenced

21  misrepresentations to Plaintiff in an attempt to induce Plaintiff to enter into the contract.

22         34.    Plaintiff reasonably relied on Defendant's misrepresentations by entering into

23  the above-referenced contract effective July 21, 2010 and giving up the opportunity for other

24  employment.   Plaintiff did so in reasonable reliance on Defendant's misrepresentations to

25  Plaintiff's detriment.

26         35.    Defendant's misrepresentations were made either intentionally or negligently

27  to deceive Plaintiff and causing harm to Plaintiff.

28         36.    Plaintiff has suffered damages legally and proximately caused by Defendant's

COMPLAINT FOR BREACH OF WRITTEN CONTRACT        —7—            *MICHALUK v. VOHRA*

1   misrepresentations in an amount according to proof.

2       37.     Defendant's actions were malicious, oppressive and fraudulent thereby entitling

3   Plaintiff to an award of punitive damages.

4       WHEREFORE, Plaintiff requests relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
#### (Declaratory Relief)

7       38.     Plaintiff hereby realleges and incorporates herein by reference the allegations

8   in paragraphs 1 through 37, above, as though set forth in full herein.

9       39.     The contract contains purported anti-competition agreements which are in

10  violation of California law including (a) a covenant not to compete preventing Plaintiff from

11  providing skin and wound care services for a twenty-four (24) month period after termination

12  of the agreement, where, among other places, Plaintiff had provided services for Defendant,

13  and within a ten (10) mile radius of a facility that had a service agreement with Defendant

14  in the prior twenty-four (24) months or where Defendant currently provides skin and wound

15  care services; and (b) a non-solicitation covenant preventing Plaintiff from, among other

16  things, contracting or soliciting any of Defendant's past or present clients and engaging,

17  hiring, employing, or soliciting the employment of any of Defendant's employees or

18  independent contractors.

19      40.     An actual controversy exists between Plaintiff and Defendant as to the legal

20  enforceability of these restrictive covenants in the contract. It is Plaintiff's position that these

21  restrictive covenants constitute non-competition provisions which violate California Business

22  & Professions Code Section 16600 which explicitly provides that "every contract by which

23  anyone is restrained from engaging in a lawful profession, trade, or business of any kind is

24  to that extent void." An actual controversy also exists between Plaintiff and Defendant as to

25  Plaintiff's employment status with Defendant. It is Plaintiff's position that he was an

26  employee of Defendant, not an independent contractor.

27      41.     Accordingly, Section 4.3, termination or privileges, and Section 11.2,

28  solicitation and recruitment, of the above-referenced agreement constitute an illegal restraint

1   of trade and are unenforceable in California.  Defendant claims that said provisions are
2   enforceable and has taken action to enforce these provisions to Plaintiff's detriment.
3   Defendant also claims that Plaintiff was an independent contractor.

4        42.    In light of these controversies, it is necessary to obtain a judicial determination
5   of the legal enforceability of the above provisions and whether Plaintiff was legally an
6   employee or independent contractor. It is requested that the court enter a judicial
7   determination that the above provisions in the contract are unenforceable and that at all times
8   Plaintiff was an employee of Defendant entitled to all legal rights attendant to Plaintiff's
9   status as an employee.

10        WHEREFORE, Plaintiff requests relief as hereinafter provided.

11   <b>SEVENTH CAUSE OF ACTION</b><br>(Interference with Contractual Relations and
12   Prospective Economic Advantage)

13        43.    Plaintiff hereby realleges and incorporates herein by reference the allegations
14   in paragraphs 1 through 42, above, as though set forth herein.

15        44.    Following Plaintiff's resignation and termination of the contract effective April
16   25, 2011, Plaintiff engaged in his lawful profession of providing medical care to patients
17   including skin and wound services at certain facilities and locations.

18        45.    With the knowledge of Plaintiff's contractual arrangement to engage in his
19   profession at certain facilities, Defendant intentionally interfered with Plaintiff's contractual
20   relations and prospective economic advantage by directly communicating with said facilities
21   with "cease and desist" letters and communications with the intent to interfere with and
22   disrupt Plaintiff's contractual relations and ability to earn a living.

23        46.    Defendant's actions have actually interfered with Plaintiff's contractual
24   relations and prospective economically advantageous relationship with other facilities to
25   provide skin and wound care to patients.

26        47.    Defendant's actions as alleged have proximately and legally caused Plaintiff
27   damages in an amount according to proof.

28        48.    Defendant's actions were malicious, oppressive and fraudulent thereby entitling

1 Plaintiff to an award of punitive damages.

2        WHEREFORE, Plaintiff requests relief as follows:

3    1.    For economic and non-economic damages according to proof;

4    2.    For fees owed on the above-referenced agreement;

5    3.    For wages owed in amounts according to proof;

6    4.    For reimbursement of business expenses incurred pursuant to Labor Code

7 Section 2802 in an amount according to proof;

8    5.    For attorney's fees pursuant to Labor Code Section 218.5 and 2802(c);

9    6.    For thirty (30) days additional pay under Labor Code Section 203 for waiting

10 time penalties;

11    7.    For prejudgment interest;

12    8.    For restitution of monies due Plaintiff and disgorgement of profits from

13 Defendant's unlawful business practices;

14    9.    For a judicial declaration that the non-competition and/or non-solicitation

15 provisions in the contract identified above are unenforceable;

16    10.    For a declaration that in his relationship with Defendant, Plaintiff was at all

17 times an employee;

18.    11.    For all costs incurred in this action;

19    12.    For all other applicable penalties; and

20    13.    For such further relief as the court may deem just and proper.

21 Dated: March 20, 2012                    Law Offices of Randal M. Barnum

22

23                                          By: Randal M. Barnum
                                            Randal M. Barnum
24                                          Carrie E. Croxall
                                            Lindsay R. Batcha
25                                          Attorneys for Plaintiff, Brian T. Michaluk, D.O.

26 //

27 //

28 //

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands that this action be tried before a jury.

3

Dated: March 20, 2012

Law Offices of Randal M. Barnum

4

5

By:

Randal M. Barnum

6

Carrie E. Croxall

Lindsay R. Batcha

7

Attorneys for Plaintiff, Brian T. Michaluk, D.O.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28