1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN T. MICHALUK, D.O.,

       Plaintiff,   No. CIV S- 12-1162 KJM CKD

  vs.

VOHRA HEALTH SERVICES, P.A.,
et al.,   ORDER

       Defendants.
                                    /

       Defendant Vohra Health Services (Vohra) has filed a motion to dismiss plaintiff's second, third, fourth, fifth, sixth and seventh causes of action and to strike plaintiff's prayer for punitive damages. Plaintiff has opposed the motion and defendant has filed a reply. The court ordered the matter submitted without argument, L.R. 230(g), and GRANTS the motion, giving plaintiff leave to file an amended complaint.

I. <u>BACKGROUND</u>

       On March 21, 2012, plaintiff filed a complaint in Solano County Superior Court alleging seven causes of action: (1) breach of contract; (2) failure to pay fees, wages and waiting time penalties, CAL. LAB. CODE §§ 202, 203; (3) violation of California Labor Code § 2802(a); (4) unlawful business practices, CAL. BUS. & PROF. CODE § 17200; (5) negligent and intentional misrepresentation and fraud and deceit; (6) declaratory relief; and (7) interference with

1

contractual relations and prospective economic advantage. Complaint, ECF No. 1-1. The complaint alleges generally that plaintiff entered into a contract with defendant to provide medical services; the contract characterized plaintiff as an independent contractor, even though plaintiff was in fact defendant's employee. *Id*. ¶¶ 5-6. According to the terms of the contract, plaintiff would perform wound care services using defendant's methods for patients at a number of facilities in northern California in return for a projected annual revenue of $206,400 based on a fee schedule. *Id*. ¶ 7. The contract also contained covenants not to compete and not to solicit any of defendant's clients or employees. *Id*. ¶ 8. After approximately six months, defendant unilaterally reduced the payment schedule and then stopped reimbursing plaintiff for services to Medicaid patients. It also did not provide plaintiff with records itemizing his wages. *Id*. ¶ 9. Plaintiff terminated the contract in April 2011 because of defendant's misrepresentations and breach of contract.

Defendant removed the case to this court on April 30, 2012, invoking this court's diversity jurisdiction, and on May 7, filed its motion to dismiss. ECF Nos. 1, 8.

II. STANDARDS FOR A MOTION TO DISMISS[1]

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A motion to dismiss under this rule may also challenge the sufficiency of fraud

---

[1] Defendant seeks to strike plaintiff's claim for punitive damages under Rule 12(f) of the Federal Rules of Civil Procedure. The Ninth Circuit has held, however, that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). This court may convert this motion to strike to a motion to dismiss under Rule 12(b)(6) when, as here, it is based on a claim that plaintiff has not sufficiently pled fraud, malice or oppression. *Kelley v. Corrections Corp. of America*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010).

2

allegations under the more particularlized standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d

/////

3

977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

Defendant has attached the Independent Contractor Agreement as Exhibit A to its Motion to Dismiss. Plaintiff does not object to the court's consideration of this document, which he mentioned in the complaint, but in fact relies on it in opposing the motion to dismiss. The court therefore will consider it in resolving the instant motion. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

III. ANALYSIS

    A. Insufficient Allegations That Plaintiff Was An Employee – Second And Third Causes Of Action

Defendant argues that plaintiff's second and third causes of action, based on defendant's alleged failure to comply with provisions of the Labor Code, must be dismissed because plaintiff pleads in only conclusory fashion that he was an employee. Plaintiff counters that the complaint is sufficient, but if it is not, the Independent Contractor Agreement supports his claim that defendant asserted the sort of control over him as to render him an employee within the meaning of the Labor Code provisions he claims were violated. Defendant contends, however, that the agreement clearly shows plaintiff's status as an independent contractor, which renders any amendment futile.

Under California Labor Code § 202, wages are due within seventy-two hours of an employee's quitting employment; a failure timely to pay subjects the employer to a penalty in the amount of the employee's wages for up to thirty days. CAL. LAB. CODE § 203. In addition, under California Labor Code § 2802, an employer must indemnify an employee for expenditures and losses occasioned by the discharge of the employee's duties.

/////
/////
/////

In *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal. App. 4th 1 (2007), the court held that because "employee" is not defined for purposes of Labor Code § 2802, the common law test of employment controls.[2]

> The essence of that test is the "control of details"–that is, whether the principal has the right to control the manner and means by which the worker accomplishes the work–but there are a number of additional factors in the modern equation, including (1) whether the worker is engaged in a distinct occupation or business, (2) whether, considering the type of occupation and locality, the work is usually done under the principal's direction or by a specialist without supervision, (3) the skill required, (4) whether the principal or worker supplies the instrumentalities, tools, and place of work, (5) the length of time for which the services are to be performed, (6) the method of payment, whether by time or by job, (7) whether the work is part of the principal's regular business, and (8) whether the parties believe they are creating an employer-employee relationship.

*Id.* at 10; *Harris v. Vector Marketing Corp.*, 656 F. Supp. 2d 1128, 1134-35 (N.D. Cal. 2009); *Randolph v. Budget Rent-A-Car*, 97 F.3d 319, 325 (9th Cir. 1996) (degree of control is important). "Although the language of the governing contracts is one factor to be considered in determining the nature of the employment relationship, it is not controlling." *Bradley v. Calif. Dept. of Corrections and Rehabilitation*, 158 Cal. App. 4th 1612, 1628 (2008). Moreover, "[t]he parties' label is not dispositive and will be ignored if their actual conduct establishes a different relationship." *Estrada,* 154 Cal. App. 4th at 10-11.

Plaintiff alleges only that he was defendant's employee "as evidenced by various applicable factors including Defendant's control over the means and methods of Plaintiff's work and that Plaintiff provided services integral to the nature of Defendant's business." ECF No. 1-1 ¶ 6. As defendant observes, this allegation is fairly conclusory given the range of factors

---

[2] In addition, there are definitions of key terms in other provisions of the Labor Code: an employee is "every person in the service of an employer under any appointment or contract of hire . . ., express or implied, oral or written . . . ." CAL. LAB. CODE § 3351. An independent contractor is "any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished." CAL. LAB. CODE § 3353.

relevant to the determination.  Nevertheless, nothing in the Independent Contractor Agreement suggests that plaintiff will be unable to state a claim plausible on its face particularly because a court must consider so many aspects of the relationship in determining whether a person is an employee or a contractor.  Plaintiff's second and third causes of action are accordingly dismissed with leave to amend.

B.  Fraud And Misrepresentation – Fifth Cause Of Action

Defendant asserts that plaintiff has not alleged defendant's misrepresentations with the particularity demanded by the Federal Rules of Civil Procedure and by California law.  Plaintiff retorts that his pleading is sufficient to withstand dismissal.

In California, a claim of fraudulent misrepresentation has five elements: (1) misrepresentation, which encompasses false representation, concealment and nondisclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damage.  *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).  A claim of deceit based on intentional misrepresentation has seven elements:  (1) the defendant represented to plaintiff that an important fact was true; (2) the representation was false; (3) the defendant knew the representation was false or made it recklessly without regard for the truth; (4) the defendant intended that plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance was a substantial factor in causing the harm.  *Manderville v. PCG & S Group, Inc*., 146 Cal. App. 4th 1486, 1498 (2007).  The elements for a claim of negligent misrepresentation are (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance, and (4) justifiable reliance by a party who was ignorant of the truth.  *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997).

In addition to the pleading requirements of Rule 8, allegations of fraud must meet heightened pleading standards.  Under Rule 9(b), a plaintiff who alleges fraud "must state with particularity the circumstances constituting the fraud," but may "aver[] generally" the state of

6

mind animating the fraud.  The pleading must "'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009)).  To avoid dismissal, the complaint must describe the time, place, and specific content of the false representations and identify the parties to the misrepresentations.  *Kearns*, 567 F.3d at 1124.  Because averments of fraud must meet this pleading standard, courts in the Ninth Circuit has applied the standard to claims of intentional and negligent misrepresentation, which in California are a species of fraud.  *Meridian Project Systems,Inc. v. Hardin Construction Co.*, 404 F. Supp. 2d 1214, 1219-20 (E.D. Cal. 2005); *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 110, 1131-32 (C.D. Cal. 2003); *Bily v. Arthur Young & Co*., 3 Cal. 4th 370, 407 (1992) (negligent misrepresentation is a species of the tort of deceit); *see generally Vess v. Ciba-Geigy Corp*., 317 F.3d 1097, 1104-05 (9th Cir. 2003).

Plaintiff alleges only that "Defendant misrepresented the annual revenue that Plaintiff would earn under the contract" and "misrepresent[ed] to Plaintiff that services would be provided to Medicaid patients for which Plaintiff would be reimbursed at 50% of the fee schedule."  ECF No. 1-1 ¶ 7.  He does not suggest that the misrepresentations were knowingly or negligently made, or identify the time of or the parties to the misrepresentation.  In addition, he does not address justifiable reliance or defendant's intent.

Defendant also argues that this claim is barred by the "economic loss rule" because it "merely restates Plaintiff's allegation that he was not compensated as expected" under the contract. ECF No. 8 at 17.  The economic loss rule "bars tort action for contract breaches, thereby limiting contracting parties to contract damages." *Blue Dolphin Charters, Ltd. v. Knight & Carver Yacht Center, Inc*., Civil No. 11-cv-565-L (WVG), 2012 WL 1185945, at *3 (S.D. Cal. Apr. 9, 2012).

/////

In *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979 (2004), the plaintiff sued for breach of contract and intentional misrepresentation after learning that defendant, who supplied sprag clutches for helicopters ground to requirements specified by contract, had provided clutches ground to a different hardness, yet certified they had been ground to contract specifications. The California Supreme Court considered the economic loss rule, which in barring tort recovery for contract breaches prevents recovery for "purely economic loss due to disappointed expectations . . ." but ultimately rejected its application to the circumstances of the case. *Id*. at 988. The court recognized a tort remedy is nevertheless available despite the existence of a contract in several instances, including "'when one party commits a fraud during the contract formation or performance.'" *Id*. at 989-90 (quoting *Harris v. Atlantic Richfield Co.*, 14 Cal. App. 4th 70, 78 (1993)). It held that "the economic loss rule does not bar [plaintiff's] fraud and intentional misrepresentation claims because they were independent of [defendant's] breach of contract." *Id*. at 991; *compare Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.,* 629 F. Supp. 2d 1135, 1145-46 (E.D. Cal. 2009) (action barred where the promise – that plaintiff would serve as an exclusive broker – related to defendant's contractual duty to work exclusively with plaintiff).

As *Robinson* mentioned, California courts recognize tort actions for fraudulent inducement when "an employer induces an employee to enter into an employment contract by intentionally promising terms the employer never intended to honor." *Agosta v. Astor*, 120 Cal. App. 4th 596, 599 (2004). In *Lazar v. Superior Court*, 12 Cal. 4th at 631, the California Supreme Court held that the plaintiff had stated a claim for promissory fraud when he alleged that the defendant made certain promises to him in order to induce him to accept an offer of employment, and that he relied on those promises in leaving secure employment and moving his family to California. *Id*. at 638-39.

Although plaintiff's claims here are not the most complete, he does allege that defendant made certain promises about the annual revenue he would receive from his association

with defendant. ECF No. 1-1 ¶ 7. Contrary to defendant's argument, this claim does not arise from the contract itself, which addresses the fees for individual services rather than the total expected compensation for services. ECF No. 8-2 ¶ 6.0. Because defendant's duty under the contract is to pay a specified fee for each service rendered and not a certain level of compensation, the claim is not barred by the economic loss rule. Although the claim will be dismissed because of the conclusory pleading, plaintiff will be given leave to amend.

### C. Unlawful Business Practices – Fourth Cause Of Action

Defendant argues that this cause of action is insufficiently pled because California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200, borrows other claims and treats them as independently actionable, yet plaintiff has not alleged a viable claim of fraudulent misrepresentation. Plaintiff argues again that his claims of fraudulent misrepresentation are adequate.

"To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising." *Lippitt v Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (internal quotations omitted); *Gardner v. Am. Home Mortgage Servicing, Inc*., 691 F. Supp. 2d 1192, 1201 (E.D. Cal. 2010).

Because the statute is phrased in the disjunctive, a practice may be unfair or deceptive even if is not unlawful, or *vice versa*. *Lippitt*, 340 F.3d at 1043. An action is unlawful under the UCL and independently actionable if it constitutes a violation of another law. *Farmers Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 383 (1992); *Gardner*, 691 F. Supp. 2d at 1201. An act is "unfair" under the UCL if it "significantly threatens or harms competition, even if it is not specifically proscribed by another law." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 180, 187 (1999); *Swanson v. EMC Mortgage Corp*., No. CV F 09-1507 LJO DLB, 2009 WL 4884245, at *9 (E.D. Cal. Dec. 9, 2009). Finally, an action is fraudulent under the UCL if it deceives some member of the public or harms the public interest.

9

*Patacsil v. Wilshire Credit Corp.*, No. 2:09-cv-01660 MCE KJM, 2010 WL 500466, at *6 (E.D. Cal. Feb. 8, 2010).

As noted above, plaintiff's fraud claims are not sufficiently pleaded. To the extent this claim rests on those fraud claims, it too is insufficiently pleaded as is plaintiff's claim of other unfair practices that might support the cause of action. Plaintiff will be given leave to amend.

### D. Declaratory Relief – Sixth Cause Of Action

Defendant again argues that as this claim is derivative, in essence, of other claims, it must be dismissed because none of plaintiff's other claims is viable.

Plaintiff's claim for declaratory relief alleges that the anti-competitive provisions of the contract are not enforceable because they violate California Business and Professions Code § 16600 and that an actual controversy exists between the parties over plaintiff's status as employee or independent contractor. Because plaintiff's claims regarding his employment status are not sufficiently pleaded, this claim also is insufficient. Plaintiff will be given leave to amend this portion of the complaint.

### E. Interference With Contractual Relations And Prospective Economic Advantage – Seventh Cause Of Action

Defendant argues that plaintiff's seventh cause of action is not adequately pleaded as to any theory because plaintiff does not describe any contract or identify any potential economic relationship that was disrupted by defendant's conduct. It also argues that plaintiff may not maintain this cause of action because defendant is not a stranger to the relationships subject to the interference.

The elements of the tort of intentional interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship;

(4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153-54 (2003) (internal quotations omitted).  A plaintiff seeking to recover for intentional interference with prospective economic relations must "prove as part of its case-in-chief that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995).  An act is independently wrongful "if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin*, 29 Cal. 4th at 1159; *SC Manufactured Homes, Inc. v. Canyon View Estates, Inc.,* 148 Cal. App. 4th 663, 673 n.7 (2007) ("The plaintiff must also 'prove that the defendant engaged in an independently wrongful act in disrupting the relationship . . . In this regard, an act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard.'" (citations and quotations omitted)).

A plaintiff seeking to recover for the tort of intentional interference with contractual relations must plead and prove five elements: "(1) the existence of a valid contract between plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1148 (2004); *Bank of New York v. Fremont Genl. Corp.*, 523 F.3d 902, 909 (9th Cir. 2008) (citing *Reeves*).  To prevail, a plaintiff must show that the defendant "knew the interference was certain or substantially certain to occur as the result of its action." *Id.*  Unlike the tort of interference, with prospective economic advantage defendant's conduct need not be independently wrongful apart from the interference itself. *Quelimane Co. v.*
/////

11

*Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998); *625 3rd St. Associates, L.P. v. Alliant Credit Union*, 633 F. Supp. 2d 1040, 1048 (N.D. Cal. 2009).

Plaintiff alleges that after severing his relationship with defendant in April 2011, he "engaged in his lawful profession of providing medical care to patients including skin and wound services at certain facilities and locations" and "[w]ith the knowledge of Plaintiff's contractual arrangement to engage in his profession at certain facilities, Defendant intentionally interfered with Plaintiff's contractual relations and prospective economic advantage by directly communicating with said facilities with 'cease and desist' letters . . .," which have actually interfered with plaintiff's contracts and economically advantageous relationships. ECF No. 1-1 ¶¶ 44-47. As defendant argues, these paragraphs do not identify the relationships allegedly disrupted or even assert that plaintiff had contracts with the facilities defendant contacted, and also do not identify the damage flowing from this activity. In addition, plaintiff does not clearly explain how defendant's conduct in sending its cease and desist letter was independently wrongful.

Defendant suggests that the claims cannot be saved by amendment because it is not a third-party stranger to the relationship. *Marin Tug & Barge, Inc. v. Westport Petroleum*, 271 F.3d 825, 832 (9th Cir. 2001); *but see Woods v. Fox Broadcasting Sub., Inc.,* 129 Cal. App. 4th 344, 355 (2005) (interpreting *Marin Tug*'s holding narrowly); *Fresno Motors, LLC v. Mercedes-Benz USA LLC*, ___ F. Supp. 2d ___, 2012 WL 1038004, at *10-12 (E.D. Cal. Mar. 27, 2012) (examining the different interpretations). The court need not reach the question on this motion to dismiss, for nothing on the face of the complaint describes defendant's relationship with the entities it allegedly contacted. As with the other claims, plaintiff is given leave to amend this portion of his complaint.

   F. Punitive Damages

In California, punitive damages are available where clear and convincing evidence establishes that a defendant is guilty of oppression, fraud, or malice. CAL. CIV. CODE §

3294(a). In light of the fact that plaintiff has leave to amend the complaint, any evaluation of the claim for punitive damages is premature.

    IT IS THEREFORE ORDERED THAT:

    1. Defendant's motion to dismiss (ECF No. 8) is granted; and

    2. Plaintiff's amended complaint is due within twenty-one days of the date of this order.

DATED: September 10, 2012.

                _____
                UNITED STATES DISTRICT JUDGE