IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN T. MICHALUK, D.O.,

       Plaintiff,                      No. CIV S- 12-1162 KJM CKD

     vs.

VOHRA HEALTH SERVICES, P.A.,
et al.,                                   ORDER

       Defendants.
_____/

       Defendant Vohra Health Services has filed a motion to dismiss the fourth and fifth causes of action and the claim for punitive damages in plaintiff's first amended complaint (FAC). Plaintiff has opposed the motion and defendant has filed a reply. The court ordered the matter submitted without argument, L.R. 230(g), and GRANTS defendant's motion.

I. <u>BACKGROUND</u>

       On March 21, 2012, plaintiff filed a complaint in Solano County Superior Court alleging seven causes of action: (1) breach of contract; (2) failure to pay fees, wages and waiting time penalties, CAL. LAB. CODE §§ 202, 203; (3) violation of California Labor Code § 2802(a); (4) unlawful business practices, CAL. BUS. & PROF. CODE § 17200; (5) negligent and intentional misrepresentation and fraud and deceit; (6) declaratory relief; and (7) interference with contractual relations and prospective economic advantage. Complaint, ECF No. 1-1.

1

1   Defendant removed the case to this court on April 30, 2012, invoking this court's
2 diversity jurisdiction, and on May 7 filed a motion to dismiss portions of the complaint  ECF
3 Nos. 1, 8.  On September 11, 2012, the court granted the motion, giving plaintiff leave to file an
4 amended complaint.  ECF No. 21.
5   On September 13, 2012, the court adopted the parties' stipulation, consolidating
6 this action and *Vohra Health Services, P.A. v. Brian T. Michaluk, D.O.*, Civ. No. S-12-1971, as
7 both cases arise out of the contractual relationship between the parties.  ECF No. 22.
8   On September 27, 2012, plaintiff filed his first amended complaint (FAC),
9 comprised of six causes of action: (1) breach of contract; (2) failure to pay fees and wages and
10 waiting time penalties; (3) violation of California Labor Code § 2802; (4) unlawful business
11 practices (UCL), CAL. BUS. & PROF. CODE § 17200; (5) negligent and intentional
12 misrepresentation, fraud and deceit; and (6) declaratory relief.
13 II.  <u>STANDARDS FOR A MOTION TO DISMISS</u>
14   Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to
15 dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may
16 dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged
17 under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
18 1990).  A motion to dismiss under this rule may also challenge the sufficiency of fraud
19 allegations under the more particularlized standard of Rule 9(b) of the Federal Rules of Civil
20 Procedure.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).
21   Although a complaint need contain only "a short and plain statement of the claim
22 showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion
23 to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a
24 claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
25 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include
26 something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or

2

"'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III. <u>ANALYSIS</u>

   A. Fraud, Deceit And Misrepresentation – Fifth Cause Of Action

Defendant asserts that plaintiff has not alleged defendant's misrepresentations with the particularity demanded by the Federal Rules of Civil Procedure. Plaintiff retorts that his pleading is sufficient to withstand dismissal and that he can amend, if necessary, to allege additional facts supporting the claim.

/////

In California, a claim of fraudulent misrepresentation has five elements: (1) misrepresentation, which encompasses false representation, concealment and nondisclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). A claim of deceit based on intentional misrepresentation has seven elements: (1) the defendant represented to plaintiff that an important fact was true; (2) the representation was false; (3) the defendant knew the representation was false or made it recklessly without regard for the truth; (4) the defendant intended that plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance was a substantial factor in causing the harm. *Manderville v. PCG & S Group, Inc.*, 146 Cal. App. 4th 1486, 1498 (2007). The elements for a claim of negligent misrepresentation are (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance, and (4) justifiable reliance by a party who was ignorant of the truth. *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997).

In addition to the pleading requirements of Rule 8, allegations of fraud must meet heightened pleading standards. Under Rule 9(b), a plaintiff who alleges fraud "must state with particularity the circumstances constituting the fraud," but may "aver[] generally" the state of mind animating the fraud. The pleading must "'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009)); *Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993) ("A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."; internal quotation marks, citation, omitted); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (recognizing that "plaintiffs may aver scienter generally, just as the rule states–that is, simply by saying that scienter existed"; internal

4

quotation marks, citation, omitted).  To avoid dismissal, the complaint must describe the time, place, and specific content of the false representations and identify the parties to the misrepresentations.  *Kearns*, 567 F.3d at 1124.  Because averments of fraud must meet this pleading standard, courts in the Ninth Circuit have applied the standard to claims of intentional and negligent misrepresentation, which in California are a species of fraud.  *Meridian Project Systems,Inc. v. Hardin Construction Co.*, 404 F. Supp. 2d 1214, 1219-20 (E.D. Cal. 2005); *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1131-32 (C.D. Cal. 2003); *Bily v. Arthur Young & Co*., 3 Cal. 4th 370, 407 (1992) (negligent misrepresentation is a species of the tort of deceit); *see generally Vess v. Ciba-Geigy Corp*., 317 F.3d 1097, 1104-05 (9th Cir. 2003).

Here, plaintiff alleges he was induced to enter into a contract with defendant based on emails he received from defendant's employee Min Hong, which stated that a full time practitioner could earn at least $220,000 a year and plaintiff would be assigned to work at ten to fifteen facilities where he would see a minimum of twenty patients a day, and from defendant's Vice President Mitchell Diamond, which said that plaintiff's expected earnings would be between $200,000 to $250,000 a year.  The fee schedule in effect at the time plaintiff signed the contract with defendant suggested plaintiff could expect annual revenue of $206,400.  The representations were false; "[p]laintiff is informed and believes and thereon alleges that Defendant knew Plaintiff would not be assigned the number of facilities, have the number of encounters, or earn anywhere near the sum which Defendant misrepresented to Plaintiff; "[p]laintiff is informed and believes . . . that Defendant made the above-referenced misrepresentations for the specific purpose of defrauding [p]laintiff."  FAC, ECF No. 24 ¶¶ 7, 9, 12, 39-40, 43.

Defendant takes issue with plaintiff's reliance on "information and belief" without any factual support for his belief.  In *Neubronner*, the Ninth Circuit said that "a plaintiff who makes allegations on information and belief must state a factual basis for his belief," while

5

also recognizing that this rule may be relaxed "with respect to matters within the opposing party's knowledge," because a plaintiff "cannot be expected to have personal knowledge of the relevant facts." 6 F.3d at 672. In *Neubronner*, the court found plaintiff's attempt to rely on "information and belief" insufficient when the complaint failed to show any connection between defendant and the wrongful conduct. *See also Wilson v. Metals USA, Inc.*, No. CIV. S-12-0568 LKK/GGH, 2012 WL 4888477 at *11 (E.D. Cal. Oct. 12, 2012) (finding complaint did not satisfy Rule 9(b) when plaintiff pled "several critical facts" on information and belief without providing the factual basis for the belief). Here one of the averments, that defendant made the statements with the intent to defraud, describes defendant's scienter and so is adequately pleaded..

Defendant is correct, however, that plaintiff has not specifically described the fraudulent nature of defendant's representations. Plaintiff has averred that one of defendant's employees told plaintiff that a full-time practitioner would be assigned to work at ten to fifteen facilities, where he would see twenty patients a day and that this representation was false. ECF No. 24 ¶¶ 7, 9. He has not alleged, however, anything supporting his characterization, apart from the fact that his earnings did not approach those estimated by defendant's employees. *Id*. ¶ 12. In his opposition to the motion, however, plaintiff says he will be able to amend his complaint to allege that at the time the representations were made, defendant did not have established relationships with facilities at which plaintiff could work, a circumstance suggesting that defendant's initial representations were false. Plaintiff will be given leave to file a second amended complaint.

B. Unlawful Business Practices – Fourth Cause Of Action

Defendant argues this cause of action is insufficiently pled because California's Unfair Competition Law (UCL), CAL. BUS. & PROF. CODE § 17200, borrows other claims and treats them as independently actionable, yet plaintiff has not alleged a viable claim of fraudulent

/////

6

misrepresentation. Plaintiff argues again that his claims of fraudulent misrepresentation are adequate.

"To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (internal quotations omitted); *Gardner v. Am. Home Mortgage Servicing, Inc*., 691 F. Supp. 2d 1192, 1201 (E.D. Cal. 2010).

Because the statute is phrased in the disjunctive, a practice may be unfair or deceptive even if is not unlawful, or vice versa. *Lippitt*, 340 F.3d at 1043. An action is unlawful under the UCL and independently actionable if it constitutes a violation of another law. *Farmers Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 383 (1992); *Gardner*, 691 F. Supp. 2d at 1201. An act is "unfair" under the UCL if it "significantly threatens or harms competition, even if it is not specifically proscribed by another law." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 180, 187 (1999); *Swanson v. EMC Mortgage Corp*., No. CV F 09-1507 LJO DLB, 2009 WL 4884245, at *9 (E.D. Cal. Dec. 9, 2009). Finally, an action is fraudulent under the UCL if it deceives some member of the public or harms the public interest. *Patacsil v. Wilshire Credit Corp*., No. 2:09-cv-01660 MCE KJM, 2010 WL 500466, at *6 (E.D. Cal. Feb. 8, 2010).

As noted above, plaintiff's fraud claims are not sufficiently pleaded. To the extent this claim rests on those fraud claims, it too is insufficiently pleaded. Plaintiff will be given leave to amend.

C.  Punitive Damages

In California, punitive damages are available where clear and convincing evidence establishes that a defendant is guilty of oppression, fraud, or malice. CAL. CIV. CODE § 3294(a). In light of the fact that plaintiff is being given leave to amend the complaint, any evaluation of the claim for punitive damages is premature.

7

IT IS THEREFORE ORDERED:

1. Defendant's motion to dismiss (ECF No. 27) is granted; and

2. Plaintiff's second amended complaint is due twenty-one days from the date of this order.

DATED: January 3, 2013.

_____
UNITED STATES DISTRICT JUDGE